```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ELVIN GENAO,<br><br>      Plaintiff,<br><br>-against-<br><br>NIKITA GEORGIADES; NYPD,<br><br>      Defendants. | 18-CV-12002 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action styled as a criminal complaint. He alleges that the New York City Police Department (NYPD) failed to investigate after his computer was hacked. By order dated April 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court denies Plaintiff's application for counsel (ECF No. 7) and dismisses the complaint.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this purported criminal action against Nikita Georgiades and the NYPD. The following facts are taken from the complaint: sometime in 2016-2017, Plaintiff hired a computer technician to replace his computer's mother board. About a year later, he learned that one of the computer's drivers was missing. Plaintiff believes that the technician hacked his computer and took "all of [his] intellectual property lyrics, songs, [and] instrumentals." (ECF No. 1 at 2.)[1] He reported the hacking to the NYPD, but the NYPD failed to investigate. Plaintiff now brings this lawsuit because his "computer is compromised perm[a]nently and the value of [his] lyrics are in the millions of dollars once put in song form and is immediately sold to a record lab[el] and abroad." (*Id.*)

**DISCUSSION**

Plaintiff cannot initiate the arrest and prosecution of any individual or entity in this Court because private citizens cannot prosecute criminal actions in federal court.[2] *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87

---

[1] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

[2] Plaintiff also filed a substantially similar civil action against the same defendants, invoking the Court's federal question jurisdiction. *See Genao v. Georgiades*, No. 19-CV-0082 (CM) (S.D.N.Y. Apr. 2, 2019) (ECF No. 5). The Court dismissed that action for failure to state a claim and declined to exercise supplemental jurisdiction over any state-law claims. (See ECF No. 5 at 2-3.)

(2d Cir. 1972). Accordingly, the Court dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also denies Plaintiff's application for counsel (ECF No. 7).

The Court has previously warned Plaintiff that the continued filing of frivolous or meritless lawsuits will result in an order barring Plaintiff from filing new civil actions *in forma pauperis* without prior permission under 28 U.S.C. § 1651. *See Genao v. Guanilo*, No. 18-CV-12059 (LLS) (S.D.N.Y. Apr. 4, 2019) (ECF No. 8 at 5). The Court now reiterates that warning. The Clerk of Court is instructed to terminate all other pending matters.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[3] Plaintiff has repeatedly filed actions in this Court styled as criminal complaints, arrest warrants, or civil cases in which he attempts to prosecute criminal charges. On February 25, 2019, the Court warned Plaintiff that further duplicative or frivolous litigation in this Court could result in an order barring him from filing new civil actions *in forma pauperis* without prior permission under 28 U.S.C. § 1651. *See Genao v. Guanilo*, No. 18-CV-12059 (LLS) (S.D.N.Y. Apr. 4, 2019) (ECF No. 8 at 5). This action was filed before the Court's warning was issued, but the Court reiterates that warning.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 18, 2019
        New York, New York

                                          COLLEEN McMAHON
                                        Chief United States District Judge